UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALBEE PARKER,

      Movant

-vs-

UNITED STATES OF AMERICA,

      Respondent

NO. 3:CV-05-1327
[Crim. No. 02-218]

(Judge Kosik)

## **ORDER**

AND NOW, this 8TH day of July, 2005, IT APPEARING TO THE COURT THAT:

(1) Movant, Albee Parker, filed the above-captioned motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 on July 1, 2005;

(2) On May 3, 2004, movant filed a previous motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (CV-04-0965; CR 02-0218);

(3) Movant's previous motion to vacate was denied by the court on November 18, 2004;

IT FURTHER APPEARING THAT:

(4) Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2255, §2244(b)(3)(A), before a district court can entertain a movant's second §2255 motion, it must receive an Order from the Court of Appeals authorizing it to consider the motion;

(5) There is no indication in the record that movant sought authorization from the Court of Appeals for the Third Circuit prior to filing the second motion;

(6) Moreover, the United States Court of Appeals for the Third Circuit has held that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), the sole bases for movant's second §2255 motion,

do not apply retroactively to cases on collateral review. <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The movant's second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 is dismissed;

(2) The Clerk of Court is directed to close this case; and,

(3) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

                                        s/Edwin M. Kosik
                                        United States District Judge